IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON, NANU SULUREH, N.J.,
G.G., and N.J.,

                         Plaintiffs,                      OPINION and ORDER

   v.

                                                           23-cv-441-wmc[1]

CITY OF MADISON and MALAJASIA BIRCHETTE,

                         Defendants.

---

      Pro se plaintiffs Devonere Johnson and Nanu Sulureh, and their minor children N.J., G.G., and N.J., allege that defendant Malajasia Birchette made false statements to the Madison Police Department, which caused officers to unlawfully detain them and search their apartment. Because plaintiffs proceed in forma pauperis, I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept plaintiffs' allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

      I will dismiss the complaint for failure to state a claim upon which relief may be granted, but I will allow Johnson and Sulureh to amend the complaint to fix the problems identified in this order. I will also remove N.J., G.G., and N.J. as plaintiffs because Johnson and Sulureh, as nonlawyers, may not represent them.

---

[1] I am exercising jurisdiction over this case solely for screening purposes.

ANALYSIS

**A. Claims against Birchette**

42 U.S.C. § 1983 creates a private right of action for the deprivations of constitutional rights. *See Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, plaintiffs must allege that they were deprived of a constitutional right and that the deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021) ("Section 1983 grants a private right of action against a 'person' who acts under color of state law to deprive another of rights under federal law, including the Constitution."). "Because § 1983 actions may only be maintained against defendants who act under color of state law, the defendants in § 1983 cases are usually government officials [i.e., state actors]." *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010). A private citizen may be liable under § 1983 if he conspires with a public employee to deprive the plaintiff of her constitutional rights. *Proffitt v. Ridgway*, 279 F.3d 503, 507 (7th Cir. 2002).

Johnson and Sulureh do not allege, and their allegations do not suggest, that Birchette conspired with the Madison police officers to violate their constitutional rights. *See Proffitt v. Ridgway*, 279 F.3d 503, 508 (7th Cir. 2002) ("A private citizen does not become a policeman by complaining to a policeman[.]"); *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975) ("[T]he . . . complainants and witnesses in [an] action which itself was prosecuted under color of law [were still] private persons not acting under color of law."). I will not allow Johnson and Sulureh to proceed against Birchette.

## B. Claims against the City of Madison

To state a § 1983 claim against a city, the plaintiff must allege that the city had a had a policy or custom that caused the constitutional violations he alleges. *See Montano v. City of Chicago*, 535 F.3d 558, 570 (2008). I will not allow Johnson and Sulureh to proceed against the City of Madison because they have not contended that the city had a policy or custom that caused the constitutional deprivations they allege.

## C. Claims of minor children

Nonlawyers can't handle a case on behalf of anyone except themselves, and parents cannot litigate the claims of their children unless they obtain counsel. *See Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *Tuttle v. Ill. Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993) (unpublished order); *see also Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next friends may not conduct litigation *pro se*; pleadings may be brought before the court only by parties or their attorney."). I will remove N.J., G.G., and N.J. as plaintiffs because the law does not allow Johnson and Sulureh to represent them or to pursue claims on their behalf.

## CONCLUSION

I will allow Johnson and Sulureh to file an amended complaint that fixes the problems identified in this order. In drafting their amended complaint, Johnson and Sulureh should remember to do the following:

- Carefully consider whether they are naming proper defendants and omit defendants who did not personally participate in, or otherwise cause, a violation

3

of their constitutional rights. Johnson and Sulureh must take care to allege what each defendant did, or failed to do, to violate their constitutional rights.

- Johnson and Sulureh should avoid referring to several defendants together. For instance, if more than one defendant has taken a particular action that Johnson and Sulureh believe supports a claim, they should identify each defendant who took that action.

- Identify by full name all the individuals they wish to sue in the amended complaint's caption. Johnson and Sulureh will not be allowed to proceed against individuals that they identify only in the amended complaint's body. If Johnson and Sulureh cannot determine these individuals' names, they may identify them by badge number in the amended complaint's caption instead.

- Omit legal arguments other than explaining what types of claims they wish to assert.

ORDER

IT IS ORDERED that:

1. Plaintiffs' complaint, Dkt. 1, is DISMISSED for failure to state a claim upon which relief may be granted.

2. Plaintiffs may have until October 26, 2023, to submit an amended complaint that corrects the problems identified in this order.

3. Plaintiffs must file their amended complaint on the court's nonprisoner complaint form, which the court will send them with this order. Plaintiffs must fill out the form completely. If plaintiffs require any additional space to allege their claims, they may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

5. If plaintiffs fail to comply with this order, I will dismiss the case.

6. N.J., G.G., and N.J. are to be removed as plaintiffs.

7. The court expects the parties to treat each other and the court with respect. Any abusive or threatening comments or conduct may result in sanctions, including entry of judgment against the offending party.

8. It is plaintiffs' obligation to inform the court of any new address. If they fail to do this and defendants or the court cannot locate them, their claims may be dismissed for failure to prosecute.

9. The clerk of court is directed to send plaintiffs copies of this order and the court's nonprisoner complaint form.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge