IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON and NANU SULUREH,

                              Plaintiffs,

    v.                                                OPINION and ORDER
                                                                       23-cv-441-wmc

CITY OF MADISON, JOEL STELTER,
SHON F. BARNES, UNIDENTIFIED
FEDERAL AGENTS, JOHN DOES 1-5, and
OFFICERS #5624, #5604, #5933, #3642, and #5684,

                              Defendants.

---

      Plaintiffs Devonere Johnson and Nanu Sulureh, who are representing themselves, have filed eight motions that are now before the court -- four motions related to the parties' pleadings and four motions related to the discovery process. Defendants have answered plaintiffs' first amended complaint and assert various affirmative defenses, and a telephonic pretrial conference is scheduled for May 19, 2025. For the following reasons, the court will deny all of these motions except for plaintiffs' motion to supplement their complaint, which the court will consider in a separate order.

    A. **Pleading Motions**

      First, plaintiffs have filed a 50-page motion for reconsideration of this court's April 23, 2025 order denying them leave to file a second amended complaint. (Dkt. #26.) Second, they file a motion for the court to take judicial notice of various facts and law relevant to their proposed claims, including some that have been dismissed. (Dkt. #32.) These motions are DENIED for the same reasons stated in the court's previous order. In

particular, plaintiffs' motion for reconsideration seems to repeat their proposed amended complaint, is excessively long, and fails to make clear how it cures the deficiencies outlined in this court's original screening order. Plaintiffs' motion for judicial notice is either irrelevant or unnecessary and concerns facts that are subject to reasonable dispute. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("indisputability is a prerequisite" for fact to be judicially noticed). Moreover, the parties will have an opportunity to present facts and legal argument to the court both at summary judgment and trial, as will be explained in the upcoming preliminary pretrial conference.

Second, plaintiffs move for leave to file a 13-page "consolidated supplemental pleading," which seems to be a response to the court's April 23 order, allowing plaintiffs to file a short, simple supplement to their first amended complaint that clarifies the identities of the officers involved in the June 2023 incident. (Dkt. #28.) The court RESERVES on this motion until it has had an opportunity to screen plaintiffs' new allegations.

Third, plaintiffs move to strike defendants' affirmative defenses on the ground that they are invalid or unsupported by fact or law. (Dkt. #27.) While the court understands that plaintiffs take issue with defendants' answer and affirmative defenses, they fail to show that "the challenged allegations are so unrelated to [their] claim[s] as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Stinson v. Schueler*, No. 19-cv-379-jdp, 2020 WL 3403094, at *1 (W.D. Wis. June 19, 2020) (internal quotation omitted). Because defendants' affirmative defenses plausibly relate to plaintiffs' claims, asserting them is not unduly prejudicial to plaintiffs. In any event, it is too soon to tell whether each of the defenses are meritorious: some of them are primarily questions of law, and the

court will not be able to discern what application they might have until later, if defendants choose to raise them at summary judgment or trial. Other defenses depend on facts that will need to be fleshed out during discovery. Because none of the defenses are plainly unworthy of consideration, the court will not strike them at this early stage. However, plaintiffs may contest these defenses on the merits if defendants raise them at summary judgment or trial. Accordingly, plaintiffs' motion to strike is DENIED.

### B. Discovery Motions

Plaintiffs have filed four motions related to discovery: (1) motion for expedited limited discovery to preserve "highly relevant digital and documentary evidence critical to [his] claims," including body camera and jail surveillance footage, shift rosters, dispatch communications, and complaints (dkt. #29, at 1); (2) motion to compel discovery of John Doe defendants (dkt. #30); (3) motion for early case management conference (dkt #33); and (4) motion for expedited limited discovery (dkt. #34). However, discovery will not begin in this case until after the court holds the preliminary pretrial conference on May 19. As the parties were instructed in the Notice Regarding the Preliminary Pretrial Conference distributed on April 29, 2025, "in a pro se case like this one, the parties are not required by Rule 16(a) or Rule 26(f) to confer with each other before the telephonic preliminary pretrial conference; the parties are not required to provide each other with initial disclosures under Rule 26(a)(1); and under Rule 26(d), the court is ordering that discovery shall not begin until after the preliminary pretrial conference." Therefore, the above discovery motions are DENIED. Plaintiffs may pose any questions they may have concerning discovery at the preliminary pretrial conference.

ORDER

IT IS ORDERED that:

1) The motion for leave to file a supplemental pleading (dkt. #28) filed by plaintiffs Devonere Johnson and Nanu Sulureh is RESERVED.

2) Plaintiffs' remaining pleading and discovery motions (dkt. ##26-27, 29-30, 32-34) are DENIED.

Entered this 15th day of May, 2025.

                        BY THE COURT:

                        /s/

                        _____
                        WILLIAM M. CONLEY
                        District Judge