IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON and NANU SULUREH,

                             Plaintiffs,

    v.                                                   OPINION AND ORDER
                                                              23-cv-441-wmc

CITY OF MADISON, JOEL STELTER,
SHON F. BARNES, UNIDENTIFIED FEDERAL
AGENTS, JOHN DOES 1-5, and OFFICERS #5624,
#5604, #5933, #3642, and #5684,

                               Defendants.

---

       Plaintiffs Devonere Johnson and Nanu Sulureh, who are unrepresented, are proceeding on claims against various federal and municipal officers under the Fourth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and state law.  After the court screened plaintiff's amended complaint and granted plaintiffs leave to proceed on these claims, plaintiffs filed two proposed amended complaints identifying the Doe defendants and other officers, as permitted by the preliminary pretrial conference order.  (Dkt. ##28 and 43.)  In addition, plaintiffs have moved to update one of their addresses under seal (dkt. #38), extend the discovery cutoff deadline (dkt. #39), extend their deadline for filing an amended complaint (dkt. #41), and serve a summons and the complaint on the new defendants (dkt. #42).

       For the reasons explained below, the court will replace Doe defendants 1-5 with defendants Micheal B. Goodchild, Benjamin D. Schwarz, Christopher T. Dorman, Lars D. Wild, and Emily L. Thompson.  However, plaintiffs will be given an opportunity to briefly explain the involvement of additionally-named defendants Delvin Hernke, Anthony Ciufo, Dominic Schroeckenthaler, Sydney Davilia, Hao Chen, Sergeant J. Loredo, and Sergeant C.

Hall.  Plaintiffs' motion for a one-day extension for filing their amended complaint will be granted, but their remaining motions will be denied.

OPINION

I. Identification of Additional Defendants

As set forth in the court's previous screening order (dkt. #10), plaintiffs are proceeding on claims under the Fourth Amendment, the Equal Protection Clause, and state civil assault and battery law against various law enforcement officers for actions they took in conjunction with Johnson's arrest in August 2022, and a search and seizure that occurred at plaintiffs' home in June 2023.  Plaintiffs also are proceeding on a *Monell* claim against the City of Madison with respect to its policies, practices, and customs that allegedly led to these incidents.  In their most recent amended complaint, plaintiffs clearly identify the Doe defendants as follows:  Doe 1 is Micheal B. Goodchild, Doe 2 is Benjamin D. Schwarz, Doe 3 is Christopher T. Dorman, Doe 4 is Lars D. Wild, and Doe 5 is Emily L. Thompson.  (*See* dkt. # 43.)  In a separate amended complaint, plaintiffs appear to allege that Officers Delvin Hernke, Anthony Ciufo, Dominic Schroeckenthaler, Sydney Davilia, Hao Chen, Sergeant J. Loredo, and Sergeant C. Hall also were involved in one or both of the incidents.  (Dkt. #28.)  However, plaintiffs have not made clear whether these officers are additional Doe defendants, the officers identified by badge number, or the unnamed the federal officers, nor have they made clear in which incident -- August 2022, June 2023, or both -- each officer participated.

Accordingly, Goodchild, Schwarz, Dorman, Wild, and Thompson will replace Does 1-5 as defendants with respect to all of plaintiffs' claims, as described in the court's previous screening order.  Because it is likely that the attorneys who are representing the current

defendants also will represent these new defendants, plaintiffs' motion to serve will be denied as unnecessary. Instead, defense counsel will be given an opportunity to accept service and answer the first amended complaint on behalf of Goodchild, Schwarz, Dorman, Wild, and Thompson. However, before the court can add Hernke, Ciufo, Schroeckenthaler, Davilia, Chen, Loredo, and Hall as defendants, plaintiffs must tell the court by August 22, 2025, whether each of these individuals were present and participated in the August 2022 incident, the June 2023 incident, or both incidents. Plaintiffs will not be allowed to include any other search and seizure incidents, as any separate incident would be outside the scope of their current lawsuit.

## II. Motion to Seal

Plaintiffs have asked the court to seal Johnson's new address because "the public disclosure of [his] location may expose him to further harassment or retaliation." (Dkt. #38, at 1.) However, court records are "presumptively open to public view, even if [plaintiffs] strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). Here, plaintiffs have not identified any statute, rule, or privilege that would prohibit disclosure of their address. While Johnson generally fears retaliation, he has not made a persuasive argument that he faces any real threat of harm now that he has moved out of the state. Accordingly, this motion will be denied.

## III. Discovery Deadline

Citing a discovery cutoff deadline of June 12, 2025, plaintiffs request an additional 90 days so they may have adequate time to identify all of the Doe defendants. However, the

preliminary pretrial conference order set the discovery cutoff for June 12, 2026, which is *one year* later than plaintiffs assumed. Therefore, plaintiffs' motion will be denied as unnecessary.

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to extend their deadline for filing an amended complaint (dkt. #41) is GRANTED.

2) Plaintiffs are GRANTED leave to proceed on their existing Fourth Amendment, Equal Protection Clause and state law claims against additional defendants Micheal B. Goodchild, Benjamin D. Schwarz, Christopher T. Dorman, Lars D. Wild, and Emily L. Thompson, who will replace Doe Defendants 1-5.

3) Plaintiffs are DENIED leave to proceed on any other claim.

4) By August 22, 2025, plaintiffs must briefly explain whether Officers Delvin Hernke, Anthony Ciufo, Dominic Schroeckenthaler, Sydney Davilia, Hao Chen, Sergeant J. Loredo, and Sergeant C. Hall participated in the August 2022 incident, the June 2023 incident, or both incidents.

5) Plaintiffs' motions to update their address under seal (dkt. #38), extend the discovery cutoff deadline (dkt. #39), and serve a summons and the complaint on the new defendants (dkt. #42) are DENIED.

6) Defendants' current counsel has 21 days to notify the court whether they will accept service on behalf of the additional defendants. The newly-added defendants shall file and serve their answers or other responses within 21 days after service.

Entered this 6th day of August, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge