IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEVONERE JOHNSON
and NANU SULUREH,

                        Plaintiffs,                        ORDER

    v.

                                                        23-cv-441-wmc

CITY OF MADISON, *et al.*,

                        Defendants.

---

Plaintiffs Devonere Johnson and Nanu Sulureh, who are self-represented, are proceeding on federal constitutional and state-law claims against various federal and municipal officers for actions they allegedly took in connection with Johnson's arrest in August 2022, and a search and seizure at plaintiffs' home in June 2023.  Dkt. 10.  Plaintiffs are also proceeding on a *Monell* claim against the City of Madison based on its policies, practices and customs that allegedly led to these incidents.

This order addresses plaintiffs' motion to compel and for sanctions, Dkt. 48, and their motion for a subpoena to produce certain video footage to be served on the Dane County Jail, Dkt. 50.  I will deny both motions for the following reasons.[1]  This order also addresses plaintiffs' identification of five Doe defendants.[2]  Dkt. 49.

---

[1] Defendants filed a motion to extend the answer deadline for defendants Shon F. Barnes, the City of Madison, and Joel Stelter.  Dkt. 46.  Because these defendants have filed their answer, Dkt. 51, the motion will be denied as moot.

[2] Plaintiffs also seek to leave to proceed against two other officers (Davilia and Chen) for filing a false report regarding a traffic accident.  Dkt. 49.  The presiding judge will issue a ruling on that question in a separate order.

ANALYSIS

**A. Motion to compel and for sanctions, Dkt. 48**

Plaintiffs allege that defendants have failed to identify "all City of Madison Police Department officers who participated in the August 19, 2022 raid of Plaintiffs' home and car" in response to their interrogatories. Dkt. 48 at 1. In support, plaintiffs note that while defendants identified Officers Anthony D. Ciufo, Devlin S. Hernke, Dominic V. Schroeckenthaler, Javier K. Loredo, and Christopher W. Hall, "case reports" from City of Madison police "reference the presence of at least one additional officer" whose name plaintiffs say has not yet been disclosed. *Id.* at 1–2.

Like defendants, the court assumes that plaintiffs are seeking identification of the officers involved in the June 2023 search of plaintiffs' home and car and that their reference to the August 2022 date of Johnson's arrest, which as alleged did not involve such searches, is a typo. *See* Dkts. 9 at 7–9 & 43 at 3–5. As for the June 2023 incident, defendants have identified the five officers plaintiffs note in addition to the name and badge number for Officer Benjamin J. Cripe. Dkt. 54-1 at 3. Defendants assert that they have identified all officers present during both the 2022 and the 2023 incidents, Dkt. 53 at 5, and I have no reason to doubt this assertion.

Because it appears that defendants have provided all the identification information in their possession in response to the discovery requests, *see* Dkts. 40 at 3–4 & 54-1 at 3, there is no additional identification information to compel, and plaintiffs' motion is DENIED. If plaintiffs continue to believe otherwise, they may submit an interrogatory to defendants specifying the case reports they say reference a yet-unidentified officer and may seek further court intervention only if good faith efforts to resolve any further dispute on this issue are

unsuccessful. *See* Dkt. 29 at 4 ("A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute" and detail of those efforts must be included in any subsequently filed discovery motion).

**B. Plaintiffs' identification of five Doe defendants, Dkt. 49**

In a previous order entered on August 6, 2025, the court ordered plaintiffs to identify the incident in which newly-identified Officers Hernke, Ciufo, and Schroeckenthaler and Sergeants Loredo and Hall allegedly participated in. Dkt. 45. Plaintiffs have responded that these defendants participated in the "raid of plaintiffs' home and car on August 19, 2022." Dkt. 49. As noted above, this date appears to be a typo because a review of plaintiffs' latest proposed amended complaint and defendants' discovery responses, *see* Dkts. 40, 43, & 54-1, make clear that these officers were involved in the search and seizure that occurred at plaintiffs' home in June 2023. So, Hernke, Ciufo, Schroeckenthaler, Loredo, and Hall will replace previously-unidentified officers ##5624, 5604, 5933, 3642, and 5684 as defendants with respect to plaintiffs' claims described in the court's previous screening order. Dkt. 10. Defendants' counsel has 21 days to notify the court whether they will accept service on behalf of the five new defendants. The newly-added defendants must file and serve their answers or other responses within 21 days after service.

**C. Motion for a subpoena, Dkt. 50**

Plaintiffs also seek to subpoena video footage of Johnson from the Dane County Jail beginning at 8:00 a.m. on June 14, 2023 through June 15, 2023 at 7:00 p.m. Specifically, they want the jail to produce all video of Johnson from the intake/booking area, holding cells, medical unit, mental health unit, and all hallways, corridors, or rooms where Johnson was evaluated, treated, or moved that show his physical condition or mental state, interactions with

jail staff, receiving medial or mental health care, and "being held in custody." Dkt. 50-1 at 1. In support, plaintiffs state that the video "constitutes material evidence relevant to Plaintiffs' claims in this action." Dkt. 50 at 1.

But relevance is only part of the inquiry when evaluating a discovery request. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Also relevant here, Rule 45 provides protections for nonparties like the jail from "undue burden" and expense of complying with a subpoena when information can be obtained in an easier way.

I must deny plaintiffs' motion for two reasons. First, plaintiffs seek video from June 14 and 15, 2023, but there is no allegation that Johnson was detained at that time. Plaintiffs allege that Johnson was arrested and jailed on August 19, 2022, and that the officers used excessive force, injured Johnson, and caused him severe emotional distress during that arrest. Dkts. 9 at 7–8 & 43 at 3–4. So plaintiffs' request for June 2023 video does not appear to be relevant to their claims. Perhaps plaintiffs meant to request jail video from August 2022 after Johnson's arrest, but plaintiffs would have to confirm that assumption before I would issue a subpoena.

Second, and regardless of the date of plaintiffs' video request, the request is too broad and burdensome for a non-party. I surmise that plaintiffs are looking for potential evidence of

4

Johnson's mental and physical injuries after the alleged use of excessive force, which would be relevant to his excessive force claims at least. *See* Fed. R. Civ. P. 26(b)(1) (scope of discovery). But they are essentially asking a records custodian to undertake the unduly burdensome task of reviewing about 24 hours of video from throughout the jail that will contain hours of footage irrelevant to their claims and to identify the portions showing Johnson, assuming the custodian can always identify him, and decide whether those portions are relevant to this case. Plaintiffs do not explain why they cannot establish Johnson's alleged injuries with other, more easily obtainable evidence such as his medical and mental health treatment records.

I will deny this motion without prejudice, meaning that plaintiffs can renew their motion for a subpoena so long as they can provide additional, clarifying information and narrow their request. Plaintiffs must clarify the date(s) of the video they seek, identify which of their claims the requested video relates to, and explain how the video is relevant to those claims. Plaintiffs must also address the proportionality of their request, and attempt to narrow their request to specific locations in the jail and timeframes where the information they seek is most likely to be found. They must explain why there are no easier, alternative means to obtain the same information other than the jail video.

ORDER

IT IS ORDERED that:

1. Defendants' motion for an extension of time to answer, Dkt. 46, is DENIED as moot.

2. Officers Delvin Hernke, Anthony Ciufo, Dominic Schroeckenthaler, and Sergeants J. Loredo, and C. Hall are SUBSTITUTED for the previously-unidentified defendant officers ##5624, 5604, 5933, 3642, and 5684.

3. Defendants' counsel has 21 days to notify the court whether they will accept service on behalf of the five new defendants. The newly-added defendants shall file and serve their answers or other responses within 21 days after service.

4. Plaintiffs' motion to compel and for sanctions, Dkt. 48, is DENIED.

5. Plaintiffs' motion for a subpoena, Dkt. 50, is DENIED without prejudice.

Entered September 15, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge